CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2013

JULIA␣C␣DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LESTER CHALRES WELLS,** | ) | CASE NO. 7:13CV00538 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **DAVID ITSIHNAR,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Lester Charles Wells, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Wells' entire complaint states that while he was incarcerated at Buckingham Correctional Center in April or May of 2008, the defendant, David Itsihnar, "cut me on my fin[ger] and left a wound on my fin[ger]." (Compl. 2.) The court concludes from review of the record that Wells' complaint must be summarily dismissed under 28 U.S.C. § 1915A(b)(1) as legally frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). When it is clear from the face of a § 1983 complaint that plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (en banc).

A § 1983 claim based on events that occurred in Virginia must be brought within two years from the time when the action accrues or it is barred by Va. Code Ann. § 8.01-243(a), Virginia's statute for general, personal injury claims. See Owens v. Okure, 488 U.S. 235, 239-40

(1989). A claim under § 1983 accrues when plaintiff knows enough about the harm done to him to bring his lawsuit. Nasim, 64 F.3d at 955. It is clear from the face of Wells' complaint that he knew in April or May of 2008 the harm that Itsihnar allegedly inflicted on him. Yet, he did not file this action until November of 2013, more than five years later. Thus, any § 1983 claim he may have had against Itsihnar is barred under § 8.01-2439a), and must be summarily dismissed without prejudice under § 1915A(b)(1) as legally frivolous.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of November, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[1] The court notes that Wells' complaint also fails to demonstrate that he exhausted administrative remedies before filing this action as required under 42 U.S.C. § 1997e(a) or that Itsihnar's actions could possibly qualify as a violation of Wells' rights under the Eighth Amendment so as to be actionable under § 1983. To the extent that Wells might intend to bring some claim under state law against Itsihnar, such claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c). Like Wells' federal claims, any state law claims will be dismissed without prejudice.